IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WARD STURGIS WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1612-L-BN |
| | § | |
| JOHNSON COUNTY, TEXAS, AUSTIN | § | |
| REED, and THOMAS GROSS, | § | |
| | § | |
| Defendants. | § | |

**ORDER CONVERTING MOTION TO DISMISS TO MOTION FOR
SUMMARY JUDGMENT, SETTING BRIEFING SCHEDULE,
AND GRANTING EXTENSION OF TIME TO RESPOND**

Plaintiff Ward Sturgis Williams, through counsel, brings this civil rights action against Defendants Austin Reed and Thomas Gross, at the time City of Alvarado, Texas police officers, based on Williams's arrest on July 12, 2019, and against Defendant Johnson County, Texas, based on his subsequent detention. *See* Dkt. No. 3. On September 9, 2021, Johnson County again moved to extend its time to respond to the complaint. *See* Dkt. No. 11. The next day, Reed and Gross answered the complaint, asserting qualified immunity, and, based on qualified immunity, simultaneously moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) and to stay discovery, *see* Dkt. Nos. 12-17. And, on September 15, 2021, United States District Judge Sam A. Lindsay referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 18.

As soon as a defendant invokes an entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense."

*McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam); *see, e.g.*, *Ramirez v. Guadarrama*, 3 F.4th 129, 134 (5th Cir. 2021) (per curiam) ("Because qualified immunity is an *immunity from suit*, not merely a defense to liability, 'it is effectively lost if a case is erroneously permitted to go to trial.' It is for this reason that a denial of qualified immunity is immediately appealable and that a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation. This scheme prevents a defendant entitled to immunity from being compelled to bear the costs of discovery and other pre-trial burdens." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); citations omitted)).[1]

The undersigned's preferred practice once qualified immunity is invoked (typically through an answer) is to order that the defendant file a motion for summary judgment. Resolving qualified immunity through summary judgment is particularly appropriate where, like here, a defendant proffers a bodycam recording. *See* Dkt. No. 13; *Hutcheson v. Dall. Cnty., Tex.*, No. 3:17-cv-2021-BN, 2020 WL 1692950, at *8 (N.D. Tex. Apr. 7, 2020) ("[C]onsidering the nominal affirmative defense in [the] posture [of a motion on the pleadings] is difficult if, like here, the record reflects that a video of the use-of-force incident exists because, to the extent that the video "'discredits [a plaintiff's] description of facts, a court will – at least by the summary-

---

[1] *See also Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) ("[B]ecause qualified immunity is 'not simply immunity from monetary liability' but also 'immunity from having to stand trial,' there is an interest in qualified immunity entering a lawsuit 'at the earliest possible stage of litigation.'" (quoting *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018) (quoting, in turn, *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989)))).

judgment stage – consider the facts in the light depicted by the videotape.'" (cleaned up; quoting *Shepherd v. Shreveport*, 920 F.3d 278, 283 (5th Cir. 2019) (quoting *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011)); citing *Scott v. Harris*, 550 U.S. 372, 381 (2007))), *aff'd*, 994 F.3d 477 (5th Cir. 2021).[2]

The Court therefore finds it proper to CONVERT Reed and Gross's motion to dismiss based on qualified immunity to a Federal Rule of Civil Procedure 56 motion for summary judgment on each individual defendant's qualified immunity defense. *See* FED. R. CIV. P. 12(d); *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016) ("Under Rule 12(d), a district court may convert a motion to dismiss to a motion for summary judgment so long as it gives the parties a 'reasonable opportunity to present all the material that is pertinent to the motion.'" (quoting FED. R. CIV. P. 12(d))).

Typically, all discovery is stayed pending a ruling on a motion for summary judgment on qualified immunity. *See Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *Foreman v. Texas A&M Univ. Sys. Health Sci.*

---

[2] *See also Hutcheson*, 2020 WL 1692950, at *9 ("The existence of the video – and its centrality to whether qualified immunity attaches to any officer defendant's actions – prompted the Court to convert those portions of the motion to dismiss raising entitlement to qualified immunity to a Rule 56 motion for summary judgment on each officer's qualified immunity defense. This conversion (and the Court's granting Plaintiffs an opportunity to move for leave to conduct focused qualified immunity discovery) also furthered the [United States] Supreme Court's mandate that lower federal courts must resolve an entitlement to qualified immunity at the earliest possible stage of the litigation. Here, it would have made little sense to address qualified immunity on the pleadings, ignoring the video, and then, if the defense was not resolved on the pleadings, to consider the video in ruling on a later-filed motion for summary judgment." (citation omitted)).

*Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at \*4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see also Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987); *Webb v. Livingston*, 618 F. App'x 201, 206 (5th Cir. 2015) (per curiam); *compare Waller v. City of Fort Worth*, No. 4:15-cv-670-Y, 2015 WL 5836041, at \*6 (N.D. Tex. Oct. 2, 2015) ("[B]ecause the … theories of liability as against the City are factually derivative of those as against the Officer Defendants, the Court must stay discovery as to the City until the Court addresses the Officer Defendants' qualified immunity claims under the framework of *Zapata[ v. Melson*, 750 F.3d 481 (5th Cir. 2014).]"), *with Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014) (allowing discovery as to separate and distinct claims against the City).

While Reed and Gross have moved to stay discovery and disclosure obligations, *see* Dkt. No. 16, where a defendant has asserted a qualified immunity defense, the Court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994.

Having now converted the motion to dismiss to one for summary judgment on qualified immunity, Williams may file a motion for leave to conduct limited discovery in order to respond to the qualified immunity issues raised in the summary judgment motion by **October 20, 2021**. Any motion for leave must include: (1) the specific interrogatories, if any, that they want to send to Reed and Gross; (2) a list of the

specific documents or specific categories of documents, if any, that they want to obtain from Reed and Gross; and, <u>most importantly</u>, (3) an explanation of why this discovery is necessary to enable him to respond to – and therefore necessary to allow the Court to resolve – the specific qualified immunity issues raised in the motion for summary judgment. *See, e.g.*, *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2021 WL 321967, at \*2 (N.D. Tex. Feb. 1, 2021) ("*Zapata* articulates the steps a district court must take in an order *authorizing* limited qualified immunity discovery – to avoid entering an order that would deny the defendant the benefits of the defense. The first step of this procedure requires the Court to find that the complaint alleges facts sufficient to overcome qualified immunity. At the second step, the Court must 'identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity.' *Zapata*, 750 F.3d at 485; *see also Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) ('Even a "limited discovery" order does not satisfy the second step if "the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity."' (citation omitted)). And the third step requires an examination of the specific discovery requests.").

In sum, the requested discovery must be narrowly tailored to uncover only those facts needed for the Court to rule on the qualified immunity defense and will only be permitted if a defendant's immunity defense turns at least partially on a factual question and the Court is unable to rule on an entitlement to immunity without further clarification of the facts. *See Lion Boulos*, 834 F.2d at 507-08; *Webb*,

618 F. App'x at 206 ("If the complaint alleges facts sufficient to overcome the defense of qualified immunity, and the district court is 'unable to rule on the immunity defense without further clarification of the facts,' then it may allow discovery 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" (quoting *Backe*, 691 F.3d at 648 (quoting, in turn, *Lion Boulos*, 834 F.2d at 507-08))); *see also Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) ("[A] district court may elect the defer-and-discover approach 'when the defendant's immunity claim turns at least partially on a factual question' that must be answered before a ruling can issue." (quoting *Lion Boulos*, 834 F.2d at 507)).

Accordingly, while, generally speaking, "a court's qualified immunity inquiry at [the summary judgment] stage requires that the Court 'accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true,'" *Nance v. Meeks*, No. 3:17-cv-1882-L-BN, 2018 WL 5624202, at *4 (N.D. Tex. Aug. 1, 2018) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); citations omitted)), *rec. accepted*, 2018 WL 5620469 (N.D. Tex. Oct. 30, 2018), an "attempt to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity does not fit within the limited scope of a discovery request 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,'" because "open-ended requests – to uncover any facts, as opposed to specific questions of fact, that may be helpful to [a plaintiff's] version of events – fail to advance the second step of the 'careful procedure' set forth in *Backe*, *Wicks*, and *Lion Boulos*," *Hutcheson v. Dallas Cnty., Tex.*, No. 3:17-cv-2021-BN, 2019

WL 1957997, at *3 (N.D. Tex. May 2, 2019) (citations omitted), *aff'd*, 994 F.3d at 481

("Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert

facts that, if true, would overcome that defense. It is not enough broadly to seek

information that might impeach the defendants' version of events. Thus, the plaintiffs

faltered at the first step of our two-step procedure. Moreover, they failed to identify

any questions of fact that the court must resolve before determining QI, thereby

failing the second step. The district court did not abuse its discretion in denying the

motion for limited discovery." (citations omitted))

Reed and Gross may file a response to Williams's discovery motion, if one is

filed, by **November 4, 2021**. The Court will then review the request to determine

whether any or all the requested discovery should be allowed.

Alternatively, Williams must advise the Court by **October 20, 2021** that he

does not need to conduct discovery to respond to the summary judgment motion.

Finally, finding good cause, the Court GRANTS Johnson County's unopposed

second motion to extend its time to respond to the complaint. *See* Dkt. No. 11.

Accordingly, the County must now respond by **October 1, 2021**.

SO ORDERED.

DATED: September 17, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE