IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WARD STURGIS WILLIAMS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:21-CV-1612-L-BN** |
| § | |
| **JOHNSON COUNTY, TEXAS,** § | |
| **AUSTIN REED, and THOMAS GROSS,** § | |
| § | |
| Defendants. § | |

## **ORDER**

Before the court are Defendants Thomas Gross and Austin Reed's Motion to Dismiss (Doc. 12) ("Motion for Summary Judgment"), filed on September 10, 2021;[1] and Defendant Johnson County, Texas' Motion to Dismiss (Doc. 20) ("Motion to Dismiss"), filed on October 1, 2021. On May 31, 2022, United States Magistrate Judge David L. Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 38), recommending that the court grant the Motion for Summary Judgment on qualified immunity and dismiss the claims against Defendants Thomas Gross and Austin Reed with prejudice; and grant the Motion to Dismiss without prejudice to allow Plaintiff to file an amended complaint. No objections to the Report were filed as of the date of this order, and the deadline for filing objections has expired.[2]

On July 12, 2021, Plaintiff Ward Sturgis Williams ("Plaintiff" or "Mr. Williams") initiated this action against Johnson County, Texas ("Johnson County") and City of Alvarado, Texas police

---

[1] Pursuant to Federal Rule of Civil Procedure 12(d), United States Magistrate Judge David L. Horan converted Defendants Thomas Gross and Austin Reed's Motion to Dismiss (Doc. 12) to one for summary judgment. *See* Doc. 19.

[2] A party has 14 days after being served with the recommended disposition to object to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). As the parties were served on May 31, 2022, the time to object expired on June 14, 2022.

**Order – Page 1**

officers Austin Reed ("Officer Reed") and Thomas Gross ("Sergeant Gross"). Doc. 1. With respect to the two police officers, Mr. Williams contends that they violated his rights under the Fourth Amendment to the United States Constitution on July 12, 2019, when they allegedly: (1) stopped and detained him without reasonable suspicion; (2) arrested and seized him without probable cause; and (3) used excessive force against him during the detention. *Id*. at 20-22.

Regarding his claims against Johnson County, Mr. Williams alleges the conduct of jail employees and personnel violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution "by refusing [his] arraignment and access to communication with family or an attorney until [he] answered the booking questions" and by "plac[ing him] naked in a refrigerated suicide cell for about 20 hours until he simply couldn't take it any more as a coercive punishment designed specifically to reduce his physical capacity to the point that he was under the physical necessity of agreeing to answer the booking questions, and for that matter to comply with any other instruction from Johnson County's correctional employees." Report at 2-3 (citations omitted). Plaintiff contends that the conduct by employees or personnel at the Johnson County jail: (1) deprived him of his right to be free from the use of excessive force when he was placed in a frigid suicide cell; (2) violated their duty to intervene and stop the use of excessive force; and (3) violated their duty to protect him from the alleged mistreatment by other jail employees and personnel. He contends that the alleged unconstitutional treatment occurred because of an official policy or custom of Johnson County. Doc. 1 at 22-28.

Having reviewed the motions, record, applicable law, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **determines** that no genuine dispute of material fact exists regarding Officer Reed and Sergeant Gross's entitlement to qualified immunity, and they are entitled to

judgment as a matter of law; **grants** Defendants Thomas Gross and Austin Reed's Motion for Summary Judgment (Doc. 12); and **dismisses with prejudice** all of Plaintiff's claims against them.

Further, the court **grants** Defendant Johnson County, Texas' Motion to Dismiss (Doc. 20); **dismisses without prejudice** Plaintiff's claims against it; and **grants** Plaintiff leave to amend his pleadings. The amended pleading must be filed by **August 1, 2022,** and must assert facts that plausibly show a municipal policy or custom of Defendant Johnson County, Texas was the moving force behind the alleged constitutional violations. In other words, any amended pleading regarding an alleged policy or custom of Defendant Johnson County, Texas must adhere to the standard set forth in the Report. *If Plaintiff wishes to amend his pleadings to assert new or additional claims, he must obtain leave of court or consent from Defendant Johnson County, Texas. Failure to file an amended pleading by August 1, 2022, will result in dismissal with prejudice of Plaintiff's claims against Johnson County, Texas pursuant to Rule 12(b)(6) for failure to state claims upon which relief can be granted, or dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.*

**It is so ordered** this 20th day of July, 2022.

Sam A. Lindsay
United States District Judge